SUPERIOR COURT
OF THE
STATE OF DELAWARE

CRAIG A. KARSNITZ
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

October 6, 2020

Michael W. Teichman, Esquire
Parkowski Guerke & Swayze, P.A.
1105 North market Street, 19th Floor
Wilmington, DE 19801

RE:  Cuppels v. Mountaire Corporation, et al.
C.A. No. S18C-06-009 CAK

Dear Mr. Teichman:

I write to address your letter dated September 16, 2020. I have taken time to temper my response. When in private practice I saw a request to confirm a position, I found it was most often a result of the sender's mistrust of the recipient. In the relatively short time I have been able to observe your work in this case I have been impressed with your diligence and civility. Because of my observations and conclusions, I reject any darker implications of your letter.

I do not have the benefit now of the transcript from the hearing on Defendant's Motion to Dismiss relying upon Superior Court Civil Rule 12 (b)(1). The claim was that this Court lacked jurisdiction over the subject matter because, according to Defendants, certain of Plaintiff's claims were equitable. Raising the jurisdictional claim two years in to the litigation is unfortunate. I denied the motion of this stage, as well as the related motion by Plaintiff's to have me designated a Vice-Chancellor.

My recollection is I explained my reasoning. I reached the following conclusions which will hopefully guide the parties:

(1)     I will not dismiss the entire case as Defendants requested. For me, the gravamen of the Complaint is personal injury and property damage claims which are legal claims. Plaintiffs have a Constitutional right to trial by jury on these claims which I intend to honor.

(2)     I will not be requesting special designation as a Vice-Chancellor. I adopt the view of Chancellor Bouchard that such a process is unique and to be exercise in only unusual circumstances. For me, the necessary unusual circumstances are not present in this case.

(3)     I do not intend to address or grant Plaintiff's equitable relief. The problem with the Defendant's motion is the record is not clear at this stage as to what request might be equitable. You may recall I somewhat tongue-in-cheek expressed collegiality when the parties confessed to me at the hearing on this motion that they had difficulty separating the legal claims from equitable. Mr. Hurdle and I spent substantial pre-hearing time on the issue and had similar difficulty. The lack of clarity led me to deny the motion.[1]

A necessary corollary of Number 3 (and in part Number 2) is that I will revisit the issue of equitable versus legal claims at a future point. I believe this sufficiently answers your question.

I leave you with one other thought. My opinions expressed here are always subject to change based upon developed facts, or even perhaps appellate guidance.

I hope this letter is helpful to the parties.

---

[1]One of the Defendants' themes in its subject matter jurisdictional motion was that Plaintiffs were responsible for the dilemma. I disagree. If Plaintiffs' allegations are accepted for purposes of these early stage considerations, the need for legal and equitable relief is a result of the position they have been placed by Defendants' conduct. Further development of the record and trial to a jury will determine if Plaintiff's allegations are correct.

2

I wish all counsel a healthy and safe future.

Very truly yours,

Craig A. Karsnitz

cc: All Counsel (Electronically)

FILED PROTHONOTARY
SUSSEX COUNTY
2020 OCT -6 A 10: 09

3